IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIA AUSTIN f/k/a JULIA DRAPER, | Civil Action No.: |
| Plaintiff, | |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a Delaware Limited Liability Company, | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which was in full force and effect at all relevant times.

### VENUE

3. Venue is proper in this District as acts and transactions occurred within this District.

4. The Plaintiff resides in Lincoln, Lancaster County, Nebraska.

5. The Defendant is a registered foreign limited liability company with the Nebraska Secretary of State, having a registered agent at 6003 Old Cheney Road, Third Floor, Lincoln, Nebraska 68516. The Defendant transacts business in Lancaster County, Nebraska.

## PARTIES

6.Plaintiff Julia Austin f/k/a/ Julia Draper (hereinafter "Plaintiff") is a natural person who resides in the City of Lincoln, County of Lancaster, State of Nebraska, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.Defendant Portfolio Recovery Associates, L.L.C. (hereinafter "Defendant") is a Delaware limited liability company operating from an address of 120 Corporate Blvd., Norfolk, Virginia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). At all times relevant, the Defendant acted through its employees and agents.

## FACTUAL ALLEGATIONS

8.Sometime on or before January, 2002, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

10.On or after June 1, 2009, the Plaintiff received a letter from the Defendant at her home demanding payment for the alleged debt.

11.At no time after the initial mail contact or any subsequent contact did the Defendant provide a follow up written notice as required by 15 U.S.C. §1692(g).

12.Within a matter of days of receiving the initial demand letter, the Plaintiff began receiving telephone calls on her cellular telephone from the Defendant and the Defendant's employees.

13.The Plaintiff's cellular telephone is also her work telephone.

14. On or about 1 July, 2009, the Plaintiff explained to an employee of the Defendant that she believed the debt was invalid and she would not make payments.

15. On or about 1 September, 2009, the Plaintiff demanded that the Defendant stop calling her work telephone. However, the Defendant continued to contact the Plaintiff by cellular telephone.

16. The Defendant would cause several calls to made to the Plaintiff a week knowing that the Plaintiff could not or would not make any payment and had requested that she not be called on her cellular telephone. During each such telephone call to the Plaintiff, an automated, synthesized voice, identifying itself as a real person, would leave a message instructing the Plaintiff to contact the Defendant.

17. The calls being made by the Defendant were designed to harass, annoy and/or cause distress to the Plaintiff.

18. Because of the ongoing and harassing nature of the contact by the Defendant, the Plaintiff is afraid to answer incoming telephone calls where she does not recognize the caller by the caller ID function of her telephone.

19. The Plaintiff, because she is afraid to answer his telephone, has missed business calls as well as personal calls from family and friends.

20. The foregoing acts and omissions of the Defendant and its employees constitute numerous and multiple violations of the FDCPA including, but not limited to, use of an auto-dialer, compounded with a synthesized non-human voice attempting to identify itself as a real person, in an effort to collect a debt which the Plaintiff has disputed and indicated she would not pay.

21.  Said acts and omissions constitute numerous violations of the provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(5), 1692e(14), 1692f and 1692g amongst others, with respect to Plaintiff.

22.  As a proximate result of Defendant's violations of the FDCPA, as aforesaid, Plaintiff is entitled to:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for her mental anguish, inconvenience and embarrassment;

    B.  Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

    C.  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3),

## TRIAL BY JURY

23.  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable pursuant to US Const. Amend. 7 and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant for actual damages, an award of statutory damages of $1,000.00, costs of litigation, reasonable attorney's fees and for such other and further relief as may be just and proper.

Respectfully submitted,

**/s/** Tregg Lunn
Tregg Lunn, NSBA #22999
Law Office of Tregg Lunn
8033 S. 15th Street, Suite B
Lincoln, NE 68512
(402) 420-5866
tregglunn@yahoo.com